UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIBU MEDIA, LLC,

        Plaintiff,

v.                                                     Case No. 18-cv-14037

JOHN DOE *subscriber assigned IP*        Paul D. Borman
*address 98.243.141.3*,                United States District Judge

        Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF NO. 23)

### I. INTRODUCTION

This is one of the innumerable copyright infringement cases filed by Plaintiff Malibu Media, LLC (Malibu) across the nation in the last decade. *See In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 82 (E.D.N.Y. July 24, 2012) ("These actions are part of a nationwide blizzard of civil actions brought by purveyors of pornographic films alleging copyright infringement by individuals utilizing a computer protocol known as BitTorrent.").[1] In each case, Malibu claims that a John Doe has used BitTorrent, a "peer-to-peer file transfer protocol used for sharing large amounts of data over the Internet," to download, copy, or distribute Malibu's copyrighted movies. *See Malibu Media,*

---

[1] As of January 6, 2019, Malibu has filed more than 450 of these cases in the Eastern District of Michigan alone.

*LLC v. Ricupero*, 705 F. App'x 402, 403 (6th Cir. Aug. 28, 2017). This case is no different—according to the Amended Complaint, Defendant John Doe[2] is a "persistent online infringer of Plaintiff's copyrights" who used BitTorrent to download, copy, and distribute copies of thirteen Malibu movies. (ECF No. 15, Amended Complaint, PgID 114.)

Defendant has not appeared or otherwise defended this action, resulting in the Clerk of Court entering a default on October 16, 2019. (ECF No. 22, Clerk's Entry of Default, PgID 139.) Plaintiff now moves for a default judgment under Federal Rule of Civil Procedure 55(b)(2). (ECF No. 23, Motion for Default Judgment.) For the following reasons, the Court grants Plaintiff Malibu's Motion.

## II. FACTS

Because a default has been entered, all Plaintiff's well-pleaded allegations, except those relating to damages, are deemed admitted. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). Thus, the following account of facts is taken from the Amended Complaint. (ECF No. 15.)

Malibu is a California LLC and John Doe is an individual residing in Michigan. (ECF No. 15, Amended Complaint, PgID 112, ¶¶ 8–9.) BitTorrent is a file distribution network that allows users to exchange large files like movies in bits and pieces. (*Id.* at PgID 112–13, ¶¶ 10–12.) Once a user gets all the pieces of a

---

[2] The Court has ordered Defendant to be identified in all public filings only as "John Doe." (ECF No. 5, Order, PgID 70.)

file, the software uses unique identifiers on the pieces to put it back together into a whole file with its own unique identifier. (*Id.* at PgID 113, ¶¶ 12–16.)

Malibu's investigator, IPP International UG, connected with a BitTorrent user with Doe's IP address and downloaded one or more pieces of thirteen different Malibu-copyrighted movies from him. (*Id.* at PgID 113–14, ¶¶ 17–19.) The investigator then confirmed that the user at Doe's IP address had downloaded a full copy of each of those videos. (*Id.* at PgID 114, ¶¶ 20–22.) Malibu therefore asserts that "Defendant downloaded, copied, and distributed a complete copy of Plaintiff's works without authorization," and that he is "a habitual and persistent BitTorrent user and copyright infringer." (*Id.* at PgID 114–15 ¶¶ 23, 25.)

### III. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 55(b) a judgment by default may be entered against a defendant who has failed to plead or otherwise defend against an action. In order to obtain judgment by default, the proponent must first request the clerk's entry of default pursuant to Rule 55(a). *See United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983) (detailing the required "sequence of steps" for a default judgment). The entry of a default "conclusively establishes every factual predicate of a claim for relief." *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007). In other words, all of a plaintiff's well-pleaded

allegations are deemed admitted. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006).

Once the clerk enters the default, the party may then file for a default judgment by the clerk or by the court. Fed. R. Civ. P. 55(b). Where damages are for an uncertain amount, a party must apply to the Court for a default judgment. Fed. R. Civ. P. 55(b)(1). Although Rule 55(b)(2) does not provide a standard to determine when a party is entitled to a judgment by default, the court must exercise "sound judicial discretion" when determining whether to enter the judgment. Wright & Miller, *10A Federal Practice & Procedure*, § 2685 (3d ed. 1998) (collecting cases). The court may consider the following factors: (1) possible prejudice to the plaintiff from the defendant's failure to respond; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) possible disputed material facts; (6) whether the default was due to excusable neglect; and (7) the preference for decisions on the merits. *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. Apr. 29, 2002).

Once it determines that the party is entitled to a default judgment, the Court may either enter a default judgment in a certain amount, or conduct a hearing to determine the appropriate amount of damages. "Fed. R. Civ. P. 55 does not require a presentation of evidence as a prerequisite to the entry of a default judgment, although it empowers the court to conduct such hearings as it deems necessary and

proper to enable it to enter judgment or carry it into effect." *Cross*, 441 F. Supp. 2d at 848. Whatever its form, the District Court's inquiry must be sufficient to "ascertain the amount of damages with reasonable certainty." *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. May 11, 2009). Under Federal Rule of Civil Procedure 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

### IV. ANALYSIS

A default judgment must be both procedurally and substantively fair. Procedurally, "[i]n order to render a valid judgment, a court must have jurisdiction over the subject matter and the parties, and must act in a manner consistent with due process." *Cross*, 441 F. Supp. 2d at 845 (citing *Antoine*, 66 F.3d 105). "Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties. Therefore, if service was not proper, the court must set aside an entry of default." *O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2004). Substantively, the facts must be "sufficient to support a finding of liability as to each defendant." *Cross*, 441 F. Supp. 2d at 848.

#### A. Jurisdiction and Service of Process are Proper

The Court has subject matter jurisdiction over this copyright infringement action under 28 U.S.C. § 1331 and 28 U.S.C. § 1338. Personal jurisdiction also exists here. According to Malibu, which has Defendant's real name and address,

Defendant John Doe resides in the state of Michigan and is therefore subject to the Court's personal jurisdiction. (ECF No. 23, Motion for Default Judgment, PgID 141.) Wright & Miller, *Federal Practice & Procedure*, § 1063 (4th ed. Aug. 2019 update) ("Traditionally, notions of personal jurisdiction have been based on the defendant's presence within the territorial power of a particular court.")

Service of process was also proper. According to Federal Rule of Civil Procedure 4(e)(2), an individual may be served by "delivering a copy of the summons and of the complaint to the individual personally." Plaintiff provided a proof of service indicating that the summons, amended complaint and its exhibits, and the corporate disclosure statement were personally served on Defendant John Doe on July 30, 2019. (ECF No. 20, Proof of Service, PgID 132.) Granting a default judgment therefore comports with the requirements of due process.

### B. Plaintiff's Copyright Claim

Malibu is legally entitled to a default judgment on its copyright infringement claim because the two elements are met: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991); *see also* 17 U.S.C. § 501 ("Anyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 . . . is an infringer of the copyright."). Malibu owns the copyrights to the thirteen videos at issue and Defendant Doe, by

default, admitted to downloading, copying and distributing a complete copy of the videos without authorization from Malibu. (ECF No. 15, Amended Complaint, PgID 114, ¶¶ 22–23.) Therefore, the only remaining question is the remedy.

In an action for infringement, the copyright owner can choose an award of statutory damages rather than actual damages. 17 U.S.C. § 504(c)(1). The statute directs courts to choose an amount between $750 and $30,000 per infringed work based on what the court considers just. *Id.* If the copyright owner proves that the infringement was committed willfully, the court can increase the award up to $150,000 per infringed work. 17 U.S.C. § 504(c)(2). Courts also have discretion to award costs and reasonable attorney's fees to the prevailing party. 17 U.S.C. § 505.

Malibu chooses to ask for statutory damages in the amount of $1,500 per work, for a total of $19,500. (ECF No. 23, Motion for Default Judgment, PgID 157–58.) Malibu also asks to be awarded the costs of $643. (*Id.* at PgID 165.) Malibu argues that $1,500 per work is reasonable because its actual damages from lost sales as thousands of people use BitTorrent to access its videos for free are much greater, and cites numerous other courts awarding similar amounts for similar violations. (*Id.* at PgID 158–161.) Malibu also argues that Doe's infringement was willful because getting a film for free using a service like BitTorrent indicates an "intent to bypass legitimate means to obtain that film." (*Id.* at PgID 152–58.)

7

Although Malibu's requested damages are at the lower end of the statutory range, the Court finds that the most just award is the minimum amount of statutory damages, $750 per work. The Court also declines in the invitation to award costs to Plaintiff Malibu. The result is a $9,750 award to Malibu, which compensates it for its harm yet avoids imposing a $20,143 judgment on an individual who has not participated in these proceedings.

Finally, Malibu seeks a permanent injunction barring Doe from continuing to infringe on Malibu's copyrighted works and requiring Doe to delete all files and copies of Malibu's works from his computer. (ECF No. 23, Motion for Default Judgment, PgID 161.) This type of injunction is common in copyright infringement suits and the Court finds that it is reasonable to grant the requested injunction here. *See Schelling*, 31 F. Supp. 3d at 912.

## V. CONCLUSION

For those reasons, the Court grants Plaintiff Malibu's Motion for Default Judgment. (ECF No. 23.)

IT IS SO ORDERED.


Dated: January 13, 2020                s/Paul D. Borman
                                       Paul D. Borman
                                       United States District Judge